

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICARDO AYALA-NEGRETE, | Nos. 10-70837, 13-72305 |
| Petitioner, | Agency No. A074-813-367 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 9, 2014[**]
San Francisco, California

Before: WALLACE, SCHROEDER, and OWENS, Circuit Judges.

Petitioner Ricardo Ayala-Negrete appeals from a final order of removal issued by the Board of Immigration Appeals (BIA), and the BIA's denial of his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Ayala-Negrete admits that he falsely claimed United States citizenship in an attempt to gain entry at the border on August 13, 2001. He is therefore inadmissible under 8 U.S.C. § 1182(a)(6)(C)(ii). Ayala-Negrete argues that this ground of inadmissibility does not apply because he timely retracted his false claim to the first border patrol agent to whom the claim was made. However, a retraction made when disclosure of the falsity is imminent is untimely and does not purge the taint. *Valadez-Munoz v. Holder*, 623 F.3d 1304, 1309-10 (9th Cir. 2010). Ayala-Negrete's retraction was not made until the agent ordered him to pull over for further questioning, a point at which disclosure of the falsity was imminent. Substantial evidence supports the BIA's determination that the retraction was untimely. *See Lianhua Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014).

Ayala-Negrete's other contentions are unavailing. First, because an immigrant who falsely claims citizenship is not eligible for a waiver of removal based on hardship, Ayala-Negrete cannot obtain relief based on his claim that the immigration judge (IJ) erroneously evaluated his extreme hardship showing. 8 U.S.C. §§ 1182(a)(6)(C)(ii), 1182(i). Second, the BIA and IJ did not violate Ayala-Negrete's due process rights by denying his motion to suppress the testimony of a border patrol officer who allegedly misstated the date of Ayala-Negrete's illegal entry. *See Ramirez-Alejandre v. Ashcroft*, 319 F.3d 365, 370 (9th

Cir. 2003) (en banc). Moreover, even if the admission of such evidence were constitutional error, it was not prejudicial, as Ayala-Negrete's own testimony established his inadmissibility. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000). Finally, the BIA did not abuse its discretion in denying Ayala-Negrete's frivolous motion to reopen as untimely given that it was filed nearly two years after the BIA issued its decision. *See* 8 U.S.C. §§ 1229a(c)(6)-(7).

**AFFIRMED.**